IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**UNITED STATES OF AMERICA,**

        Plaintiff/Counter-Defendant,

vs.                                        Civ. No. 03-1450 ACT/RHS


**JERRY FENNELL and ADAM MARQUEZ,**

        Defendants/Counter-Plaintiffs.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon the United States' ("Plaintiff") Motion to Dismiss Counterclaims filed August 5, 2004. Docket No. 13. Plaintiff is seeking to dismiss Jerry Fennell and Adam Marquez' ("Defendants") Counterclaims on the grounds that Plaintiff has not waived its sovereign immunity. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiff's Motion is well taken in part.

Background.

Plaintiff filed a "Complaint for Trespass & Ejectment, Damages and Injunctive Relief" ("Complaint") on December 19, 2003. Docket No. 1. The Complaint alleges that this action "arises under common law trespass, the National Forest Organic Administrative Act of 1897, 16 U.S.C. §551, and regulations of the Secretary of Agriculture, 36 C.F.R. §§ 228, 251, and 261." Complaint, ¶ 1. The Complaint asserts that the lands and buildings occupied by Defendants are lands

that are within the Lincoln National Forest. Complaint, ¶¶ 5,6,7,15,16, and 17. Paragraphs 17 through 30 of the Complaint assert that there have been more than ten years' worth of attempts, on "numerous occasions," to convince "Defendants to cease their unauthorized occupancy and residency of the lands...."

The relief requested in Plaintiff's Complaint includes: (1) injunctive relief ordering Defendants to vacate the lands and remove all buildings and equipment or allowing Plaintiff to remove the same; (2) injunctive relief prohibiting Defendants from occupying or using the subject lands; (3) a writ of ejectment and "such other writs and orders" allowing the U.S. Marshall and Forest Service law enforcement officers to "physically remove" Defendants from the subject lands; (4) an order enjoining Defendants from impeding the Plaintiff from its use, access and occupancy of the sites; and (5) an award of damages caused by Defendants' use of the sites, including expenses of removal and restoration of degraded areas.

Defendants filed their Answer and Counterclaims ("Answer") on May 3, 2004. Docket No. 8.

Discussion.

"When the United States institutes a suit, it thereby consents by implication to the full and complete adjudication of all matters and issues which are reasonably incident thereto." United States v. Taunah, 730 F.2d 1360, 1362 (10th Cir. 1984). The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in relevant part,

> In any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

For a counterclaim to be "so related to the claims in the action" they must (1) arise from the same transaction or occurrence; (2) seek relief of the same kind or nature; and (3) not be in excess of the recovery sought by the United States.  United States v. Tsosie, 92 F.3d 1037, 1043 (10th CIr. 1996).

   *Counterclaims 1, 2, and 3*.

  The relief sought in Counterclaims 1, 2, and 3 is clearly related to the claims Plaintiff is seeking.  Counterclaim 1 seeks declaratory relief on whether Plaintiff is correct in its position that the lands in question are National Forest System lands.  Counterclaim 2 seeks injunctive relief preventing the Forest Service from continuing its actions and assertions of jurisdiction over the lands at issue.  Counterclaim 3 seeks an order of ejection to prevent further trespasses by the Forest Service.  Moreover, none of the Counterclaims of 1 through 3 assert claims of a different kind or nature or seeks relief in excess of the recovery sought by Plaintiff.  Fed. Deposit Ins. Co. v. Hulsey, 22 F.3d 1472, 1487 (10th Cir. 1994).

   *Counterclaim 4.*

  Counterclaim 4 alleges a claim for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2561, *et seq*.  Defendants allege that Plaintiff was negligent in:

> the confiscation or conversion of water wells and destruction of water delivery systems, unlawful trespasses, negligent employment of individuals of questionable repute, intentional infliction of emotional distress, outrageous conduct, verbal threats and insinuations of bodily injury and property destruction, preparation of fraudulent papers in hopes of demonstrating Forest Service ownership of Jicarilla's community center and church facility, the padlocking a posting of warning signs on the door of Jicarilla's community center and church facility a few days before Easter, burning or otherwise destroying mining and/or survey monuments within the District, coercion, and making shows of force which have had the effect of causing fear and distress in Defendants and other miners and resident of Jicarilla and the Jicarilla Mining District.

Answer, ¶57.

The issue is whether Defendants are required to file an administrative claim notice prior to asserting a counterclaim under the FTCA. 28 U.S.C. §2675(a). The statute expressly abrogates the notice requirement. Specifically, the statute states that "[t]he provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim or counterclaim." Id.

Plaintiff asserts that the statute applies only to compulsory, not permissive, counterclaims and that Defendants' counterclaim is permissive. Federal R. Civ. P. 13(a), provides in part that a pleading shall state as a counterclaim "any claim...the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." The Tenth Circuit has recognized that the "logical relation" test is "most controlling" when determining whether a counterclaim is compulsory. Pipeliners Local Union No. 798 v. Ellerd, 503 F.2d 1193, 1198 (10th Cir. 1974).

In Plaintiff's Complaint, Plaintiff asserts that Defendants "constructed or caused to be constructed structures, fences and other fixtures, and is maintaining same and...has deposited or allowed to be deposited vehicles, equipment and parts...without authorization." Complaint ¶¶ 6 and 7. Plaintiff further alleges that Plaintiffs have sought "to cease their unauthorized occupancy and residency of the lands on numerous occasions since 1993." Id. at ¶ 21. Plaintiff is seeking to have Defendants "remove from the subject lands all buildings, structures, fencing equipment and personal property, and to restore the subject lands to their natural states...." and for "damages attributable to Defendants' unauthorized use, occupancy and disturbances of the sites, including without limitation expenses of removal and disposition of structures, fencing and property and restoration of damages and degraded areas...." Complaint, Prayer for Relief. As the Complaint alleges issues regarding

4

personal property and unauthorized use and claims that this has been an on-going issue for over ten years, Defendants claims for property damage or loss and personal affronts are "logically related" to the claims in the Complaint. The same transactions or occurrences give rise to both the Complaint and Counterclaim 4. The issues of fact and law in Counterclaim 4 and the Complaint are largely the same. The same evidence may support or refute Plaintiff's claim as well as Defendants' counterclaim. Therefore, the Court finds that Counterclaim 4 is a compulsory counterclaim and thus the Court has jurisdiction over Counterclaim 4.

*Counterclaim 5.*

Counterclaim 5 alleges violation of the Religious Land Use Act of 2000 ("Act). 42 U.S.C. §§2000cc *et seq*. As Defendants point out, the Act contains many uses of the term "governments" in sections where the definition does not appear to include the United States. Specifically, in the section of the Act creating causes of action (42 U.S.C. §2000cc-2(a)), the section is not applicable to the United States 42 U.S.C. §2000cc-5-(4)(B)). The Court finds that the Act does not unequivocally waive sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980). Thus, Defendants' Counterclaim 5 will be dismissed.

*Counterclaims 6 and 7.*

Defendants admit there is no waiver of sovereign immunity against the United States as to Counterclaims 6 and 7. These Counterclaims will be dismissed.

Conclusion.

The Court notes that Defendants in response to Plaintiff's Motion to Dismiss have asked to amend their Complaint. This request is denied. Defendants must file a separate motion with the proposed amendments. D.N.M.LR-CIv. 15.1.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Counterclaims is granted in part and denied in part and that Defendants' Counterclaims 5, 6 and 7 are dismissed with prejudice.

_____
**UNITED STATES MAGISTRATE JUDGE
SITTING BY DESIGNATION**