IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

   Plaintiff/Counter-Defendant,

vs.                 Civ. No. 03-1450 ACT/RHS

**JERRY FENNELL and ADAM MARQUEZ,**

   Defendants/Counter-Plaintiffs.

**MEMORANDUM OPINION AND ORDER**

   **THIS MATTER** comes before the Court upon Defendants/Counterclaimants' Motion to Amend Counterclaims and Join Related Parties as Additional Counterclaim Defendants filed January 6, 2005. Docket No. 29. Defendants are seeking to join John "Pancho" Smith ("Smith"), Todd Buchanan ("Buchanan"), Brandt Phillips ("Phillips"), and unnamed "John Doe" parties 1 through 10. Smith is alleged to be a Forest Service enforcement officer. Proposed First Amended Counterclaim, ¶ 32. Buchanan and Phillips are alleged to have vandalized Marquez' property in December of 2003. *Id*. at ¶ 29. It is further alleged that Buchanan and Phillips were convicted of crimes relating to the vandalism of Marquez' property. *Id*. Finally, it is alleged they were former employees or agents of the Plaintiff which Plaintiff denies. *Id*. Defendants are also seeking to reinstate counterclaims 5, 6, and 7 which were dismissed by the Court in a Memorandum Opinion and Order entered November 29, 2004. Docket No. 25. Upon review of the pleadings and being otherwise advised in the

1

premises, the Court finds that Defendants' Motion is not well taken and will be denied.

Background.

Plaintiff filed a "Complaint for Trespass & Ejectment, Damages and Injunctive Relief" ("Complaint") on December 19, 2003. Docket No. 1. The Complaint alleges that this action "arises under common law trespass, the National Forest Organic Administrative Act of 1897, 16 U.S.C. §551, and regulations of the Secretary of Agriculture, 36 C.F.R. §§ 228, 251, and 261." Complaint, ¶ 1. The Complaint asserts that the lands and buildings occupied by Defendants are lands that are within the Lincoln National Forest. Complaint, ¶¶ 5,6,7,15,16, and 17. Paragraphs 17 through 30 of the Complaint assert that there have been more than ten years' worth of attempts, on "numerous occasions," to convince "Defendants to cease their unauthorized occupancy and residency of the lands...."

Defendants filed their Answer and Counterclaims ("Counterclaims") on May 3, 2004. Docket No. 8. The Court entered an Order dismissing Counterclaims 5, 6, and 7 on November 29, 2004. Docket No. 25.

Legal standard.

Federal Rule of Civil Procedure 15(a) states that a party who is beyond the time to amend as a matter of course may amend by leave of the court or written consent of the adverse party, and leave "shall be freely given when justice so requires." Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants "if there is asserted against them jointly, severally or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." In deciding a motion to amend, factors to be considered are

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party...futility of the amendment..." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Moore's Federal *Practice 3d* § 20.02[2][a][iii].  A court's decision regarding amendments and joinders are in its sound discretion. *Id.*;*Watson v. Blankinship*, 20 F.3d 383, 389-90 (10th Cir. 1994).   Discussion.

  A.  Proposed joinder.

The joinder of the proposed defendants will substantially delay this matter and the Defendants have been dilatory in seeking to join the proposed counterclaim defendants.  This action has been pending since December 19, 2003.  If Defendants were permitted to join the proposed counterclaim defendants, each would have to be individually served.  Smith, as a Forest Service employee would have 60 days to answer.  Fed.R.Civ.P. 12(a)(3)(B).  If Smith requested representation from the Department of Justice, the Department would have to determine whether representation would be in the best interests of the Untied States.  28 C.F.R. § 50.15(a).  Moreover, all three proposed counterclaim defendants would, undoubtedly, ask for extensions of discovery and motion deadlines.

Fennell has known the identity of Smith since at least February 15, 1994.  Response, Exhibit B.  Defendants mentioned Smith in their original answer and counterclaim filed May 3, 2004. Docket No. 8, p. 27.  Smith was identified by the Plaintiff in the IPTR filed September 3, 2004. Docket No. 17.  Defendants have suggested no good reason for the delay in seeking to join Smith.

As to the John Doe employees of the Forest Service, the Court notes that Defendants acknowledged in their memorandum in support of the motion to amend that the Forest Service employees, both named and unnamed, are individuals they have had regular dealings with leading up

3

to the filing of this action.  Memorandum, Docket No. 30, ¶ 13.  Meetings and correspondence among Forest Service employees are documented in Plaintiff's exhibit list attached to the IPTR. Docket No. 17, Exhibit 1.  There appears to be no legitimate reasons why Defendants would need to add "John Doe" parties at this late date.

As previously noted, Buchanan and Phillips were the subject of the Sheriff's Office investigation into vandalism at Marquez' cabin.  Documentation of this investigation was disclosed by the Defendants in the IPTR in September of 2004.  Docket No. 17, Exhibit B, Item 43.

Furthermore, permitting joinder of these parties would be futile as their causes of action would be subject to dismissal.  *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Bradley v. Val-Mejias*, 238 F. Supp. 2d 1242, 1254-55 (D. Kan. 2002).  Therefore, the Court will not permit the proposed joinder.

    B.    Proposed amendments to Defendants' counterclaim.

Counterclaim 5, Religious Land Use Act, creates a causes of action for "relief against a government" but not against the United States or an "official of the United States, and any other person acting under color of Federal Law."  42 U.S.C. §§ 2000cc-2(a) and 2000cc-5(4)(B).  Thus, there would be no cause of action against Smith.  As to Buchanan and Phillips, there is no allegation they were acting under color of State law.  Thus, pursuant to 42 U.S.C. §2000cc-2(a), there is no causes of action against Buchanan and Phillips.

The only proposed defendant in Counterclaims 6, Bivens, and 7, RICO, is Smith.  The statute of limitations for Bivens actions is three years and accrues from the date that the claimant knew or should have known the existence and cause of his injury.  *Indus. Constructors Corp. v. Bureau of Reclamation*, 15 F.3d 963, 968-69 (10th Cir 1994).  The statute of limitations for RICO actions is

four years. *Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143, 156 (1987). Smith has not worked on Lincoln National Forest since April of 1995 and since that time has not had any contact with Fennell and has never met Marquez. Response, Exhibit C, Affidavit of Smith. Thus, any claims against Smith under Bivens and RICO are time barred. Accordingly, the Court will not permit the proposed amendments to Defendants' Counterclaim.

Conclusion.

Due to Defendants' delay in bringing this Motion and the futility of the proposed amendments, the Court will deny Defendants' Motion.

**IT IS THEREFORE ORDERED** that Defendants/Counterclaimants Motion to Amend Counterclaims and Join Related Parties as Additional Counterclaim Defendants (Docket No. 29) is denied.

_____
**UNITED STATES MAGISTRATE JUDGE
SITTING BY DESIGNATION**