## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        Plaintiff/Counter-Defendant,

vs.                                                                                 Civ. No. 03-1450 ACT/RHS

**JERRY FENNELL and ADAM MARQUEZ,**

        Defendants/Counter-Plaintiffs.

## MEMORANDUM OPINION AND ORDER

The Court has previously denied Defendants/Counterclaimants' Motion to Amend Counterclaims and Join Related Parties as Additional Counterclaim Defendants on February 15, 2005. Docket No. 36.  On February 25, 2005 Defendants/Counterclaimanants ("Defendants") requested permission to file a Reply Brief to this Motion.  Defendants asserted they had not received a copy of the Court's Memorandum Opinion and Order of February 15, 2005.  Docket No. 38.[1]  The Court granted Defendants' Motion on March 1, 2005.  Docket No. 42.  Defendants filed their Reply Brief on March 7, 2005.  Docket No. 48.  For the reasons set forth in the Court's Memorandum Opinion and Order of February 15, 2005, the Court again denies Defendants/ Counterclaimants' Motion to

---

[1]The Court notes that on the Electronic Document Submission Confirmation, dated February 15, 2005, Stuart R. Butzier was listed to receive the Memorandum Opinion and Order by ACE Mailbox.

Amend Counterclaims and Join Related Parties as Additional Counterclaim Defendants.

Defendants argue in their Reply Brief that "[v]ery little discovery [has] been conducted between the existing parties." Reply, p. 4. Defendants assert that since discovery has been delayed by the parties, the delay in adding additional parties would not be prejudicial and if anything may be beneficial. The fact that the parties have been slow and perhaps dilatory in conducting discovery is not a reason to permit further delay of this matter or justify adding additional parties at this time. Whether the Plaintiff or the potential new parties would be prejudiced is not the sole criteria for denying a motion to amend under Rule 15(a). Other criteria include "undue delay," dilatory motive" and "futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). .

Defendants further assert that there has been a continuous scheme or pattern of constitutional violations and thus the statute of limitations has not run on in Counterclaims 6, Bivens, and 7, RICO. The Court specifically pointed out in its Memorandum Opinion and Order of February 15, 2005 that the only proposed Defendant in these claims is John "Pancho" Smith ("Smith"). The Court further pointed out that "Smith has not worked on Lincoln National Forest since April of 1995 and since that time has not had any contact with Fennell and has never met Marquez." Memorandum Opinion and Order, p. 5. Thus, even if the "continuous scheme or pattern of constitutional violations" applies to these Counterclaims, which the Court will assume but not decide, the statute ran against Smith on the Bivens counterclaim in 1998 and the RICO counterclaim in 1999. *Indus. Constructors Corp. v. Bureau of Reclamation*, 15 F.3d 963, 968-69 (10th Cir. 1994); *Agency Holding Corp. v. Malley-Duff & Assoc.*, 483, U.S. 143, 156 (1987).

Finally, Defendants again make mention of the John Doe counterclaim defendants. "It is familiar law that 'John Doe' pleadings cannot be used to circumvent statues of limitations..." *Garrett*

*v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).  Moreover, Defendants' argument that they are still

trying to identify the John Doe defendants fails for the reasons set forth in the Court's Memorandum

Opinion and Order of February 15, 2005 (Docket No. 38).

**IT IS THEREFORE ORDERED** that upon considering Defendants/Counterclaimants'

Reply Brief, the Court again denies Defendants/Counterclaimants' Motion to Amend Counterclaims

and Join Related Parties as Additional Counterclaim Defendants.

_____
**UNITED STATES MAGISTRATE JUDGE
SITTING BY DESIGNATION**