**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

        Plaintiff/Counter-Defendant,

vs.                                                  Civ. No. 03-1450 ACT/RHS

**JERRY FENNELL and ADAM MARQUEZ,**

        Defendants/Counter-Plaintiffs.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on United States' Motion and Consolidated Memorandum to Strike Exhibits Attached to Defendants' Brief in Support of Motion for Partial Summary Judgment ("Plaintiff's Motion to Strike") filed March 15, 2005 (Docket No. 52) and Defendants' Motion to Strike Portions of Declarations and Affidavits Accompanying the United States' Motion for Partial Summary Judgment (Defendants' Motion to Strike) filed March 15, 2005 (Docket No. 53). Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiff's Motion to Strike is well taken and Defendants' Motion to Strike is not well taken.

      *Plaintiff's Motion to Strike, Docket No. 52.*

      Plaintiff seeks to strike Defendants' Exhibits Nos. 1-10, 12, 13, and 15-17. These exhibits will be stricken. The Court finds that the exhibits are inadmissible hearsay and/or not "material" to

the issues before the Court.  Fed. R. Civ. P. 56(c).  Inadmissible hearsay cannot be considered on a motion for summary judgment.  *Club Car Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775 (10th Cir. 2004), *cert. denied* 125 S. Ct. 618 (2004).  A fact is "material" for summary judgment purposes only "…if under the substantive law it could have an effect on the outcome of the lawsuit." *Adams v. American Guarantee & Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). Defendants' exhibits are not material under the substantive law to the issue of whether the subject area is within the United States' public domain and is within the Lincoln National Forest ("LNF").

Exhibit 1 is a journal article. It contains hearsay within hearsay and thus is not admissible on that ground alone.  Fed. R. Evid. 805.  It is also inadmissible under Rule 807 which requires that the evidence offered under the residual exception to the hearsay rule be "evidence of a material fact."  Fed. R. Evid. 807.  Exhibit 1 is not material to the issue of ownership of the subject area or whether the subject area is included in the LNF.

Exhibit 2 are pages from a book that concerns "Abandoned Hispanic Settlements" and Exhibit 9 is an article concerning the Post Office in Jicarilla and mining activities.  Again these are hearsay and not within an exception to the hearsay rule.  Fed.R.Evid.803.  The exhibits are not material.  Whether there were Hispanic settlers on the subject land or a post office is not material to the issues before the Court.  *Bockfinger v. Foster*, 190 U.S. 116 (1902); *United States v. Hurlburt*, 72 F.2d 427, 428 (10th Cir. 1934).

Exhibits 3, 4 and 12 are old newspaper articles.  These articles also constitute inadmissible hearsay. Fed.R.Evid. 805.  In addition, the exhibits do not indicate that they relate to the subject area but rather to the Jicarilla Mountains in general.  Moreover, the exhibits are not material because they

do not effect whether the subject area is owned by the United States and whether the subject area is in the LNF.

Exhibits 7, 8, and 16 are maps. These exhibits are not properly authenticated. Fed. R. Evid. 901. Moreover, they are not material as they do not demonstrate whether or not the subject area has left the public domain or is within the LNF.

Exhibits 5, 10, 13, 15 and 17 appear to be official United States publications and records. Assuming their authenticity, the exhibits are not material. Exhibits 5 and 13 are documents concerning the post office in Jicarilla. Defendants have not offered any legal support and the Court has not found any authority that the construction of a post office comprises a patent out of the Untied States' ownership or an exclusion from the national forest system. Exhibit 10, which appears to be General Land Office communications from 1905, refers to vacant unappropriated lands and a proposed addition to the Lincoln Forest Reserve. Exhibit 10 is consistent with the Plaintiff's position that the subject area has been owned continuously by the United States since 1848 and has been within the LNF since April 24, 1907. Exhibit 15 is a United States' government article showing there was mining in the Jicarilla Mountains and that water was scarce. Again, the exhibit is not material. The fact there was mining on national forest lands is not disputed by the Plaintiff nor does mining or the scarcity of water change the ownership of the subject lands. *United States v. Cook*, 71 IBLA 268, 272 (1983), aff'd., 1985 WL 6434 (E.D. Cal 1985); *United States v. New Mexico*, 438 U.S. 696 (1978). Exhibit 17, "Logging Railroads of the Lincoln National Forest," discusses, *inter alia*, where the railroad decided to build tracks, where timber sales occurred, and the location of historical mining districts. These facts are not material. They do not show that the subject area at issue is not owned by the United States or are not part of the LNF.

Exhibit 6 is Articles of Association of the Jicarilla Water and Mining Company, dated March 4, 1890. Again, these simply are not material to the United States' ownership of and right to manage the subject area.

Finally, Defendants Exhibit 9 is a photo taken in Jicarilla in 1905 by Fayette Jones. There is no evidence that the photograph was taken within the subject area. Even assuming so, the fact there is a dredge or other equipment in the subject area does not transfer ownership of the land out of the United States or preclude its existence as part of the LNF.

*Defendants' Motion to Strike (Docket No. 53).*

Defendants' argument is essentially that the Patterson affidavit, paragraphs 9, 10 and 13 of the Calhoun affidavit and paragraphs 9, 12 through 16 of the Hickey declaration contain legal conclusions and improper opinions and are therefore not admissible.

In determining a motion for summary judgment, the Court can rely on evidence that would be admissible at trial. *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1101 (10th Cir. 1999). Federal Rule of Evidence 702 provides for the admission of expert testimony if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Federal Rule of Evidence 704(a) specifically provides that expert testimony "...otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." *United States v. Markum*, 4 F.3d 891, 895 (10th Cir. 1993) (ruling admissible testimony of fire chief that fire was caused by arson); *Davis v. Combustion Engineering, Inc.*, 742 F.2d 916, 918-19 (6th Cir. 1984) (finding admissible expert testimony that the plaintiff's discharge was due to age discrimination); *New Mexico v. General Electric Company*, 335 F. Supp. 2d 1266, 1305-06 (D.N.M. 2004) (finding admissible law professor's expert testimony about the legal

4

administrative history of the Rio Grande River and the Middle Rio Grande Basin, the effect of the Rio Grande compact, and the absence of any impairment of the appropriation of the Middle Rio Grande Basin groundwater as a consequence of contamination in the South Valley).  "[D]oubts about the usefulness of expert testimony should generally be resolved in favor of admissibility." *Lewis v. New Mexico Department of Health*, 275 F. Supp. 2. 1319, 1331 (D.N.M. 2003).

    John N. Patterson is a real estate lawyer.  A review of the affidavit shows that the majority of the statements in the affidavit do not contain opinions.  Moreover, when Patterson does express an opinion, the opinion is a permissible expert opinion.  The first four paragraphs of the Patterson affidavit outlines Patterson's education and experience.  In paragraph 5, Patterson summarizes his assignment in this matter which is to render an opinion about the ownership and status of the subject area.  In paragraphs 6 and 7, Patterson describes the factual bases of his opinions.  In paragraph 8, Patterson describes his methodology.  In paragraph 9, Patterson explains the first step in determining title to the subject lands, including considering the Treaty of Guadalupe Hidalgo.  In paragraph 10, Patterson further delineates his methodology and notes that he has relied on a specific abstract of title in reaching his opinion.  In paragraph 11, the affidavit states the fact, revealed by the abstract of title, that it "...contains no reference to a patent from the United States for the Subject Property or any part thereof..." and "...confirms the information in the official BLM and U.S. Forest Service land status."  In paragraph 12 Patterson states the next question that he will address. Paragraphs 13 and 14 refer to the Presidential Proclamation of April 24, 1907 and quotes from a portion of the Proclamation which states the all of the township in which the subject area is located is within the area covered by the Proclamation.  *Richards v. United States*, 89 U.S. App. D.C. 354 (D.D.C.) (the court takes judicial notice of a Presidential Proclamation).

In paragraphs 15-18, Patterson explains the terms, "entry," "selection," and "settlement" as used in the Proclamation. The meaning of technical terms are appropriate subjects of expert testimony. *Karns v. Emerson Electric Co*., 817 F.2d 1452, 1459 (10th Cir. 1987).

In paragraph 19, Patterson states his opinion that the subject area has been owned by the United States since 1848 and has been part of the LNF since 1907. Defendants' assertion that because Patterson is a lawyer he cannot testify as an expert is, at best, disingenuous. *New Mexico,* 335 F. Supp. 2d at 1305*; Honeywell v. American Standards Testing Bureau*, 851 F.2d 652, 656 (3rd. Cir. 1988), *cert. denied*, 488 U.S.1010 (1989). The opinions of Patterson are based on facts which have been established or to which there has been no objection. The fact that he states an opinion as to an ultimate issue does not preclude the Court from considering the affidavit. Fed. R. Evid. 704(a).

Kenneth Calhoun is a Geographic Information Systems ("GIS") Manager for a private company. His affidavit provides "geographic perspectives" related to the subject area. Calhoun affidavit, ¶ 4. The paragraphs sought to be stricken in the Calhoun affidavit do not contain legal conclusions or improper opinions. Paragraph 9 of the Calhoun affidavit states a factual conclusion that the subject area is within the area described in a 1907 Diagram. Paragraph 10 of the Calhoun affidavit states a factual conclusion regarding the geographical relationship among the 1907 Proclamation Diagram map, the subject area, and the map used for the negotiating of the 1848 Treaty of Guadalupe Hidalgo. Paragraph 13 states certain facts concerning the historical mining districts. The opinions in Calhoun's affidavit are the fact-based opinions of a qualified expert and are permitted under Fed R. Evid. 702, 703 and 704.

Patrick Hickey is a regional land surveyor with the United States Forest Service. Paragraph

9 of the his declaration contains some factual assertions regarding the required field notes in field surveys. There is no opinion testimony in this paragraph. Moreover, Hickey is an expert in the field of surveying. Hickey declaration, ¶¶ 1-3. Paragraph 12 does not state any opinions; it merely describes what Hickey observed in reviewing the Forest Service's official land status system. Paragraph 13 of the Hickey declaration states the factual conclusion that pursuant to the land status record system the subject area is within the LNF. Paragraph 14 states that with two exceptions, no land within Sections 3, 14, 15, 22 and 23 have left the public domain. Paragraph 15 of the Hickey declaration observes that the Forest Service and BLM official land status records show the same status information regarding the subject area. Paragraph 16 states a factual conclusion that the subject lands are within the LNF. The factual conclusions and opinions in the Hickey declaration are admissible based on his expertise in surveying and the records he has reviewed. Fed. R. Evid. 702 and 703. The declaration does not contain any impermissible evidence. *A.E. v. Independent School District No. 25*, *supra*.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (Docket No. 52) is granted and Defendants' Motion to Strike is denied (Docket No. 53).

_____
**UNITED STATES MAGISTRATE JUDGE,
PRESIDING**